**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YURIY HURALENKO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1742-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Huralenko's Motion to Enforce, ECF No. 9, where he asks the Court to order his immediate release because Respondents failed to comply with the Court's July 15, 2026, Order.

Huralenko was ordered removed from the United States in 2013, at which time he was released under an Order of Supervision ("OSUP"), but was re-detained on March 21, 2026, to effectuate his removal. *See* July 15, 2026, Order 1, ECF No. 7. After Respondents took "little action to effectuate that removal," the Court found Respondents could not "continue to detain Huralenko without providing him with an individualized custody determination." *Id.* at 4. Thus, the Court ordered that Respondents must either: (1) provide Huralenko with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Huralenko's continued detention; or (2) release Huralenko from custody, under reasonable conditions of supervision, by July 22. *Id.* at 4.

On July 22, Respondents stated that an IJ convened a bond hearing but took "no action" because Respondents failed to present Huralenko for the hearing and because he was no longer detained at the El Paso Detention Facility. Status Report, ECF No. 8. Respondents offer no

explanation for why they did not bring Huralenko to the hearing so that an individualized custody determination could be conducted.  Nor do they explain why, after the custody determination did not occur, they failed to release Huralenko from detention in compliance with the July 22 deadline.

The Court's July 15 Order was clear.  Respondents were to provide Huralenko with a bond hearing or release him from custody.  The deadline for compliance has elapsed, and they have failed to do either.  *See* Mot. 2.

Accordingly, the Motion to Enforce, ECF No. 9, is **GRANTED**.  **On or before July 24, 2026**, Respondents shall **RELEASE** Huralenko from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before July 24, 2026**, Respondents shall **FILE** notice informing the Court whether Huralenko has been released from custody.

**IT IS FURTHER ORDERED** that Respondents shall **RETURN** all of his personal property in their custody to him upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the July 24, 2026**, deadlines, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 23rd day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2